(No. 3818— ▮▮▮▮▮▮▮▮▮▮)

John A. Sten, Claimant, vs. State of Illinois, Respondent.

*Opinion filed January 9, 1946.*

Erman A. King, for claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, for respondent.

Damron, J.

This complaint was filed on the 4th day of November, 1943. It seeks an award for an alleged injury to claimant while employed by the respondent. The record consists of the complaint, departmental report, waiver of statement, brief and arguments on behalf of claimant and respondent.

This claimant resides at Osco, Henry County, Illinois, and at the time of the injury complained of he was employed by the Division of Highways.

On September 8, 1943 while claimant was cleaning weeds from the sickle bar of a power motor east of the village of Cambridge on S. B. I. Route 44 in Henry County, an operator of the power motor eased the brake pressure and allowed the machine to roll back down the slope. Claimant's left ring finger was caught in the machinery and severed at the junction of the third and fourth phalanges. He was immediately taken to a physician at Cambridge who rendered first aid. Later claimant was treated by Dr. W. H. Meyer of Coal Valley.

On September 11, 1943 Dr. Meyer reported as follows:

"Crushing injury to left ring finger. Distal phalanx severed. Amputated left ring finger at distal joint. About one-half inch middle phalanx removed by bone forceps to allow flap to cover stump. Permanent disability is loss of one-half of left ring finger."

Claimant received temporary total disability for the period from September 16 to September 26, 1943. On September 27, 1943 claimant returned to work for the Division.

The Departmental Report shows that all medical and hospital bills incurred by claimant in connection with this injury were paid by respondent.

From a consideration of the record we make the following findings:

That the claimant and respondent were on the 8th day of September, 1943 and prior thereto operating under the provisions of the Workmen's Compensation Act; that on the date last mentioned said claimant sustained accidental injuries which did arise out of and in the course of the employment; and that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent within the time required under the provisions of said Act; that the earnings of the claimant during the year next preceding the injury were $960.00, and that the average weekly wage was $18.46; that claimant at the time of the injury was 70 years of age and had no children under 16 years of age dependent upon him for support; that all necessary first aid, and all medical and hospital services required were provided for by respondent herein.

We further find that as a result of such accident claimant has sustained a complete loss of the third finger,

62

commonly called the ring finger, of the left hand.

An award is therefore entered in favor of claimant, John A. Sten, in the sum of $271.25, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An act concerning the payment of compensation awards to State employees," and is payable, upon approval, from the appropriation from the Road Fund in the manner provided in such act.